# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRYAN URQUHART,

       Plaintiff,

v.

       Case No. 18-CV-879-JPS

CORY ROESELER and ADVANCED
CORRECTIONAL HEALTHCARE,

       **ORDER**

       Defendants.

    Plaintiff, a prisoner, brings this action *pro se* pursuant to 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion for appointment of counsel. (Docket #23). Plaintiff claims he needs counsel appointed for him because he cannot afford to retain counsel himself and he has attempted to secure *pro bono* counsel without success. *Id.* at 1.

    Plaintiff's motion will be denied. As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). The Seventh Circuit has emphasized that "[t]he question is not whether a

lawyer would present the case more effectively than the *pro se* plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

Here, Plaintiff does not claim to be incompetent, nor does he claim that the difficulty of this case exceeds his ability to coherently present it. (Docket #23 at 1). The only grounds for his request are that he cannot afford a lawyer and none of the fourteen lawyers to whom he has written agreed to take his case. *Id.* at 1–2. Without any averments from Plaintiff about his inability to present this case on his own, and because Plaintiff's only substantive submission to date—his complaint—does not itself give the Court reason to suspect incompetence, the Court is constrained to find that recruitment of counsel is not justified at this time. Faced with a small pool of lawyers willing to take on prisoner litigation, the Court cannot appoint counsel without some good reason that the prisoner is actually incapable of prosecuting his own case. Plaintiff has not presented such a reason. Therefore, Plaintiff's motion to appoint counsel will be denied without prejudice.

Finally, Plaintiff also filed a motion for a continuance of this case while he continues to search for a lawyer and to allow him time to learn more about the law underlying his case. (Docket #24). That motion will also be denied. Plaintiff is expected to adhere to the Court's schedule like any

other litigant. If he wants more time to find a lawyer and to study the law, he may voluntarily dismiss this action and re-file when he is more prepared. Of course, the new action would require payment of another filing fee.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Docket #23) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for a continuance (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge